OPINION OF THE COURT
Edward W. McCarty III, J.
This is an application by Marian Smithers Moore, the income beneficiary of the trust created under paragraph (c) of article tenth of the will of Gertrude F. Smithers, seeking a direction that the optional unitrust provisions of EPTL 11-2.4 apply to the trust, retroactively to January 1, 2013. For the reasons that follow, the application is granted.
Gertrude F. Smithers died on February 12, 1983 leaving a will dated June 3, 1982 and a first codicil dated November 8, 1982, which were admitted to probate by decree dated February 18, 1983. Under article tenth (c), a trust was created for the benefit of the decedent’s daughter, Marian Smithers Moore. The trust provides that the trustees pay or apply the net income to Marian during her lifetime. After Marian’s death, the trustees are directed to pay the income to Marian’s issue living from time to time, per stirpes. The trust terminates upon the death of the survivor of Marian and her children living at the time of the decedent’s death. Upon termination, the then remaining principal is to be paid to Marian’s then living issue, per stirpes, or if none, to the decedent’s then living issue, per stirpes.
Letters of trusteeship issued to Morgan Guaranty Trust Company and R. Brinkley Smithers on December 30, 1983. Successor letters of trusteeship issued on August 8, 1984 to Charles Smithers and Eugene D. Wadsworth to serve with Morgan Guaranty Trust Company. Eugene D. Wadsworth died on July 20, 2002. Charles Smithers, the sole surviving individual trustee, died on November 22, 2007. Marian elected not to appoint a successor individual trustee. JPMorgan Chase Bank, N.A., the successor in interest to Morgan Guaranty Trust Company, is currently the sole trustee.
Marian has now filed the instant petition asking that the trust be converted to a unitrust pursuant to EPTL 11-2.4. Ac *689 cording to the petition, Marian’s total distributions from the trust in 2008 were $232,694.51 and they have decreased every year since then. The petitioner states that she is an elderly woman whose health care and other living expenses have been increasing in recent years, and it is very difficult for her to make ends meet given the decreasing distributions.
When petitioner asked the trustee about the decreasing distributions, the trustee responded that its current policy is to utilize the “power to adjust” in EPTL 11-2.3 (b) (5) (A) to pay income beneficiaries 2.75% of the value of the trust principal annually. The trustee also stated it would be willing to increase the annual payout to 3% if Marian’s daughters consented. As a result, the petitioner has now brought the instant petition to request retroactive application of EPTL 11-2.4 so that she will receive a 4% unitrust interest in the trust, commencing on January 1, 2013.
EPTL 11-2.4 (e) (2) (B) provides, in pertinent part, as follows:
“At any time, the court having jurisdiction of a trust to which this section otherwise would not apply, upon the petition of the trustee or any beneficiary of the trust and upon notice to all persons interested in the trust, may direct that this section shall apply to the trust and that article 11-A shall not apply to the trust.”
EPTL 11-2.4 (e) (5) (B) provides that “[i]n any proceeding brought pursuant to subparagraph (e)(2), there shall be a rebut-table presumption that this section should apply to the trust.”
Citation issued to all of the interested parties, including the trustee. The trustee filed an answer stating that “JPMorgan, as trustee, neither advocates nor objects to Petitioner’s request for Section 11-2.4 of the EPTL to apply to the Trust.” Counsel for the decedent’s granddaughter, Naneen Ford Richter, who is the daughter of the petitioner, has submitted an affirmation stating that his client has no objection to the petition based upon her understanding that the application of EPTL 11-2.4 will continue after the death of the petitioner so that she and other presumptive successor income beneficiaries of the trust will receive a 4% unitrust interest in the trust at that time.
In determining whether the unitrust provisions of EPTL 11-2.4 should apply, the statute supplies a nonexclusive list of “relevant factors” to be considered (EPTL 11-2.4 [e] [5]; Matter of Ives, 192 Misc 2d 479 [Sur Ct, Broome County 2002]). These factors include the intent of the trust’s creator; the nature, *690 purpose and expected duration of the trust; the identity and circumstances of all beneficiaries, including needs for liquidity, regularity of payment and preservation and appreciation of capital; the extent to which an asset is used by a beneficiary; and the nature of the assets held in trust, whether they consist of financial assets, interests in closely held enterprises, tangible and intangible personal property or real property; and whether an asset was purchased by the trustee or received from the creator of the trust (EPTL 11-2.4 [e] [5] [A]).
A review of these factors points in favor of allowing the uni-trust conversion. Marian is the sole income beneficiary during her lifetime. It is clear that this trust was designed to benefit Marian with income. The unitrust conversion will provide greater annual income to Marian, which she needs given her current health care expenses. The increase in income after the unitrust conversion, given the size of the trust (some $6 million) and Marian’s age, will not result in a rapid depletion of the corpus such that it would soon fail to provide income to Marian, as required, for the duration of her life. After consideration of all relevant factors, the court exercises its discretion and directs that the unitrust statute apply to the trust.
As to the timing of commencement of the unitrust, the default in the statute is “the first day of the year beginning after the decision of the court becomes final . . . unless the court in its decision provides otherwise” (EPTL 11-2.4 [e] [4] [B]). Here, the petition requests January 1, 2013 as the commencement date. As the court has discretion in determining the effective date of a unitrust conversion and there being no objection, the request is granted.
With respect to the affirmation submitted on behalf of Marian’s daughter, Naneen Ford Richter, Naneen’s counsel states that Naneen does not object to the petition “based on her understanding that the application of Section 11-2.4 of the EPTL to the Trust will continue after the death of Petitioner so that she and other presumptive successor income beneficiaries of the Trust will receive four percent (4%) unitrust interest in the Trust at that time.” Naneen’s counsel’s understanding, however, is incorrect. EPTL 11-2.4 (d) (2) provides as follows:
“(2) A trust which continues in existence for the benefit of one or more new current beneficiaries or class of current beneficiaries upon the termination of the interests of all prior current beneficiaries or classes of prior current beneficiaries, shall be *691 deemed to be a new trust, and, for purposes of clauses (e)(1)(B) and (e)(4)(A) and subparagraph (d) (1), assets shall be deemed to first become subject to the trust on the date of the termination of such interests.”
The commentary to EPTL 11-2.4 states that
“[i]f a trust continues for new income beneficiaries after the death of the income beneficiary, it is considered a new trust, and its assets become subject to the trust on the first day of the year after the prior interest terminates (subparagraph (d)(2)). By L.2008, ch. 408, § 5 (effective August 5, 2008), the legislature added to subparagraph (d)(2) a reference to subparagraph (e)(4)(A), clarifying that a trustee can elect to treat the new trust as a uni-trust.” (Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 11-2.4 at 398.)
The Bill Jacket (Mem of Advisory Comm on EPTL and SCPA § 5, Bill Jacket, L 2008, ch 408 at 31) makes it clear that
“[wjhere a trust continues (or divides into separate trusts that continue) past an event that ends the interests of all the prior current beneficiaries, (d)(2) treats the trust or trusts continuing for wholly new current beneficiaries as new non-unitrust trusts. Since they did not exist on the effective date of the statute, they are therefore entitled to consider the unitrust option anew and, if desired, to opt in under (e) (l)(B)(ii).”
Regardless of Naneen’s position, the request for unitrust application is approved.
The court declines to consider JPMorgan’s request for reasonable attorney’s fees at this time.