In the Matter of WILLIAM M. KRUSZEWSKI, Deceased. MARK KRUSZEWSKI, Appellant; BANK OF AMERICA, N.A., et al., Respondent. [984 NYS2d 232]—

Egan Jr., J. Appeal from an order of the Surrogate's Court of Montgomery County (Tomlinson, S.), entered September 28, 2012, which partially denied petitioner's motion for summary judgment reforming the testamentary trust created by the will of decedent.

Petitioner is the sole income beneficiary of a testamentary trust created by the will of his deceased father. Pursuant to the terms of the will, petitioner was to receive the net income from the trust in at least monthly installments during the course of his lifetime; the principal and corpus of the trust could be invaded for petitioner's benefit only in the event of "serious illness" or for "health reasons." Additionally, the will named four contingent remainder beneficiaries who would receive the trust principal and income in equal shares should petitioner predecease them. In February 2011, Trustco Bank, as successor in interest to Schenectady Trust Company (the original trustee named in the will), petitioned to resign as trustee and sought a judicial settlement of its account of the trust. By decree dated August 1, 2011, Surrogate's Court granted Trustco's request, and respondent was named as the successor trustee.

In December 2011, petitioner commenced this proceeding seeking to retroactively apply the optional unitrust provisions of EPTL 11-2.4 to the testamentary trust. Petitioner thereafter moved for summary judgment seeking reformation of the trust and requested that Surrogate's Court either not specify the ef-

fective date of the conversion or, alternatively, set the effective date as January 1, 2002 (the effective date of EPTL 11-2.4). Respondent consented to the conversion, but recommended that the effective date be set as January 1, 2012. Surrogate's Court partially granted petitioner's motion by directing that the optional unitrust provisions apply to the trust (*see* EPTL 11-2.4 [e] [2] [B]). In setting the effective date, however, Surrogate's Court found that petitioner was barred by the doctrine of res judicata from seeking unitrust payments prior to August 1, 2011 (the date of the final decree settling Trustco's account of the trust) and, in any event, that an effective date of January 1, 2012 was appropriate. This appeal by petitioner ensued.

We affirm. Regardless of whether the doctrine of res judicata was properly invoked and applied here, we do not find that Surrogate's Court abused its discretion in establishing the effective date of the unitrust conversion as January 1, 2012. In this regard, we note that the statutory factors upon which petitioner relies (*see* EPTL 11-2.4 [e] [5] [A] [i]-[v]) speak to whether EPTL article 11-A or the optional unitrust provisions of EPTL 11-2.4 should apply in the first instance (*see Matter of Moore [Smithers]*, 41 Misc 3d 687, 689-690 [Sur Ct, Nassau County 2013]; *Matter of Ives*, 192 Misc 2d 479, 481-482 [Sur Ct, Broome County 2002]); such factors do not address the effective date of the application of the unitrust provisions. Rather, the effective date of such application is governed by EPTL 11-2.4 (e) (4) (A), which provides, in relevant part, that where a judicial determination has been made to apply the optional unitrust provisions (*see* EPTL 11-2.4 [e] [2] [B]), such provisions shall apply "as of the date specified by the court in its decision" (EPTL 11-2.4 [e] [4] [A] [iii]). The specific date selected, in turn, is a matter committed to the sound discretion of Surrogate's Court (*see Matter of Ives*, 192 Misc 2d at 483).

Here, Surrogate's Court discussed at some length the various factors that it considered in fashioning an appropriate effective date, including the fact that petitioner consented to the prior accounting, thereby acknowledging that the sums paid to him were proper, and that application of the retroactive date sought by petitioner—January 1, 2002—could trigger significant tax consequences. Additionally, Surrogate's Court noted that fixing the effective date as of January 1, 2002 would necessitate a large retroactive payment to petitioner (purportedly in excess of $166,000) in order to make up for the income not earned by the trust in its original form, which would significantly reduce the principal of the trust to the detriment of petitioner or the contingent remainder beneficiaries. Consideration of such fac-

tors by Surrogate's Court was entirely appropriate (cf. *Matter of Ives*, 192 Misc 2d at 483) and, in our view, the court's decision to set the effective date as January 1, 2012 struck an appropriate balance between providing petitioner with a reliable and consistent source of income during his retirement, while minimizing the detrimental impact of the unitrust conversion. Petitioner's remaining contentions, including his assertion that respondent possessed a conflict of interest that precluded it from recommending an effective date for the unitrust conversion, have been considered and found to be lacking in merit.

Peters, P.J., Garry and Rose, JJ., concur. Ordered that the order is affirmed, with costs.